HENRY KOCH, RESPONDENT, v. DELAWARE, LACKA-
WANNA AND WESTERN RAILROAD COMPANY, APPEL-
LANT.

Submitted December 4, 1919—Decided February 13, 1920.

It is the duty of a carrier to allow a consignee a reasonable time and opportunity, after notice of the arrival of goods, within which to remove them.

On appeal from the First District Court of Newark.

Before Justices SWAYZE and PARKER.

For the respondent, *William Greenfield.*

For the appellant, *Frederic B. Scott.*

The opinion of the court was delivered by

SWAYZE, J. The plaintiff shipped goods by the defendant's road to Mandel, in New York City. Mandel was notified of their arrival and went immediately to defendant's pier to get the goods. He asked in defendant's office on the pier and was told they didn't have the goods; he went to different places on the dock looking for them and didn't get them. The railroad held them for some time, at any rate, over forty-eight hours, and then, pursuant to section 5 of the bill of lading, put them in a warehouse. Mandel and Koch never got them. The duty of the carrier involves the allowance to the consignee of a reasonable time and opportunity after notice of the arrival of the goods within which to take them away. This depends on all the facts and circumstances of the case and, where the facts are in dispute or the inference in doubt, is a question of fact and not of law. *Burr* v. *Adams Express Co.,* 71 *N. J. L.* 263.

It is important that when Mandel first inquired for the goods the railroad's employe said they didn't have them. Further inquiry must have seemed to him useless and he could hardly have opportunity to take the goods away when the railroad denied possession. The fact that signs on the pier directed parties desiring their freight to ask the general foreman is at most a circumstance bearing upon the question of reasonable opportunity. The general foreman's failure to recollect any inquiry by Mandel is of slight consequence, as he himself testified it would be a hard matter for him to remember, as he had so many inquiries, and it was a "big station."

The trial judge was justified in finding that a reasonable opportunity was not given to remove the goods. A judgment for the plaintiff was therefore proper.

Let the judgment be affirmed, with costs.